UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CALHOUN, | No. C 10-3105 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| J. SANCHEZ; et al., | |
| Defendants. | |

## INTRODUCTION

Charles Calhoun, an inmate at Corcoran State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915.

## BACKGROUND

The complaint and exhibits thereto reveal that Calhoun and correctional staff took very different views of an incident that occurred at plaintiff's cell at Salinas Valley State Prison on July 9, 2009. Plaintiff contends that he complained about a dirty meal tray and was pepper-sprayed by correctional officer Sanchez as he attempted to pick up the tray to show it to Sanchez. Correctional staff documented the event differently: according to them, as Sanchez was collecting meal trays, Calhoun reached out of his cell, grabbed Sanchez's belt and pulled Sanchez toward him. Staff documented that Sanchez pepper-sprayed Calhoun to cause him to release his grip on Sanchez's belt.

A CDC-115 rule violation report was issued to Calhoun charging him with battery on a peace officer based on the July 9, 2009 incident. Complaint, unnumbered exhibits (docket # 1-1, p. 34 of 93). A disciplinary hearing was held on the CDC-115 on August 14, 2009, at which Calhoun was found guilty of the offense. The discipline imposed included forfeiture of 150 days of time credits. Complaint at 4 and unnumbered exhibits (docket # 1-1 at p. 36 of 93).

In his complaint, Calhoun alleges that officer Sanchez used excessive force (i.e., the pepper spray) on him on July 9, 2009 and thereafter conspired with other correctional officers to cover up the incident. The correction officers, among other things, filed false incident reports about the event, denied staff attendance at the disciplinary hearing, and refused to let Calhoun call witnesses at the hearing. Calhoun further alleges that his inmate appeals about the incident and hearing were improperly denied. Calhoun also alleges that some of his property was lost during his stay in the security housing unit. Calhoun's prayer for relief requests his release from prison as well as damages.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

A.     Lost Property Claim

Allegations that a plaintiff has been deprived of his property negligently or intentionally without a pre-deprivation hearing do not state a due process claim under § 1983 if the deprivation was random and unauthorized, see Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property), because California provides an adequate state post-deprivation remedy, see Zinermon v. Burch, 494 U.S. 113, 128-29 (1990) (where state cannot foresee and therefore provide meaningful hearing prior to deprivation, statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process). The allegations in the complaint that Calhoun's personal property was stolen or destroyed by a member of the prison staff during his stay in the SHU at Corcoran does not state a claim for relief under § 1983. The allegations show a random and unauthorized deprivation of personal property, but that kind of conduct does not amount to a violation of any federal constitutional right. That claim must be asserted, if at all, in state court.

B.     Excessive Force And Disciplinary Proceedings

The case of Heck v. Humphrey, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction or sentence unless that conviction or sentence already has been determined to be wrongful. See id. at 486-87. A conviction or sentence may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. See id. The Heck rule also prevents a person from bringing an action that -- even if it does not directly challenge the conviction or sentence -- would imply that the conviction or sentence is invalid. Heck applies to this case in two different ways.

Heck bars a claim of unconstitutional deprivation of time credits because such a claim necessarily calls into question the lawfulness of the plaintiff's continuing confinement, i.e., it implicates the duration of the plaintiff's sentence. See Sheldon v. Hundley, 83 F.3d 231, 233

1 (8th Cir. 1996); cf. Ramirez v. Galaza, 334 F.3d 850, 858-59 (9th Cir. 2003) (where a claim would, if successful, "necessarily accelerate" the prisoner's release on parole, Heck applies). Heck also bars a claim for using the wrong Wolff v. McDonnell, 418 U.S. 539 (1974), procedures in a disciplinary hearing that resulted in the deprivation of time credits if "the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment." Edwards v. Balisok, 520 U.S. 641, 645 (1997). The practical importance of this rule is that Calhoun cannot attack the disciplinary decision that affects the duration of his confinement in a civil rights action for damages; it must have been successfully attacked before the civil rights action for damages is filed. Calhoun's claims for damages that imply the invalidity of the discipline imposed – i.e., his allegations that officers filed false reports about the incident, and refused to let him have staff and witnesses at the disciplinary hearing – must be dismissed.[1] If Calhoun wishes to challenge the decision that resulted in the credit forfeiture, he must do so in a petition for writ of habeas corpus, but not until he has first exhausted his state judicial remedies.

Heck also applies to the excessive force claim. Heck does not always bar an excessive force claim, it does bar the excessive force claim under the circumstances present in this case. See Smith v. City of Hemet, 394 F.3d 689, 696 (9th Cir. 2005) (en banc) (if police officers used excessive force after the acts of resistance upon which the § 148 conviction was based had ceased, Heck does not bar a § 1983 action for that use of excessive force). The gravamen of Calhoun's excessive force claim is that pepper spray was wholly unnecessary because he wasn't doing anything wrong and instead was trying to pick up a tray. He does not allege that he grabbed the belt and let go and then force was used on him. Calhoun could not prevail on his excessive force claim without undermining the disciplinary decision, which found him guilty of

---

[1] Calhoun's claim that some prison officials should be liable for failing to grant his inmate appeals is not actionable here. Regardless of whether Heck bars the claims against persons who deprived him of his due process rights in connection with the disciplinary proceeding, Calhoun has no claim against prison officials who did no more than fail to grant his inmate appeals concerning the matter. See Ramirez, 334 F.3d at 860 (prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system).

battery on officer Sanchez. That battery that prompted the use of pepper spray on Calhoun. Accordingly, Heck bars Calhoun's claim for damages for the use of excessive force.

Calhoun's request for injunctive relief – i.e., release from prison --- also cannot be considered in this § 1983 civil rights action. A petition for writ of habeas corpus is the exclusive method by which he may challenge the execution of his sentence in this court. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

## CONCLUSION

For the foregoing reasons, the complaint is dismissed. This dismissal is without prejudice to Calhoun filing a civil action for damages concerning the alleged use of excessive force and concerning the alleged due process violations in the disciplinary proceedings, but not unless and until the disciplinary decision has been set aside.

The clerk shall close the file.

IT IS SO ORDERED.

Dated: February 24, 2011

_____
SUSAN ILLSTON
United States District Judge